IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

STEVEN M. MARTINEZ and
ROBERT L. KELLER,

      Plaintiff,

v.                                                            CIV No. 12-409 LH/SMV

RADIOSHACK CORPORATION,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, *sua sponte*, following its review of the Notice of Removal, (Doc. 1), filed by Defendant RadioShack Corporation ("Defendant"). Plaintiffs filed their Complaint on March 22, 2012, in the Third Judicial District Court, County of Dona Ana, State of New Mexico. Thereafter, on April 19, 2012, Defendant filed its Notice of Removal with this Court. Having reviewed both the Complaint and the Notice of Removal, the Court concludes that the allegations are insufficient to establish diversity jurisdiction. The case should therefore be remanded to the Third Judicial District Court.

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)). The court has a duty to determine the matter *sua sponte*. *Id.* Furthermore, a court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking. *Penteco Corp. Ltd. Partnership--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Because federal courts are courts of

limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction.  *Id.*

Significantly, the federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Indeed, the Tenth Circuit has cautioned federal district courts that they "must rigorously enforce Congress' intent to restrict federal jurisdiction." *Miera v. Dairyland Insur. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  Federal district courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

First, Defendant alleges that Plaintiffs are citizens of New Mexico, that Defendant is incorporated in Delaware and maintains its principal place of business in Texas, and that the amount in controversy exceeds $75,000.  (Doc. 1, at 1-2.)  As such, Defendant maintains that this Court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (*Id.*)

The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States."  U.S. Const. art. III, § 2.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States."  28 U.S.C. § 1332(a).  When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." § 1441(b).

The amount in controversy is generally determined by the allegations of the complaint, or if they are not dispositive, by the allegations in the notice of removal.  *Laughlin v. Kmart Corp.*,

2

50 F.3d 871, 873 (10th Cir. 1995). When the amount in controversy is not apparent on the face of the complaint, a federal court must attempt to ascertain the amount in controversy by considering (1) the plaintiff's cause of action as alleged in the complaint, (2) the notice of removal that the defendant filed with the federal court, and (3) other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation). However, "[i]t would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (Kelly, J., sitting by designation). Courts may therefore consider "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Id.* at 1306. Notably, claims of different plaintiffs are generally not aggregated to reach the requisite amount in controversy. *Lovell v. State Farm Mut. Auto*, 466 F.3d 893 (10th Cir. 2004).

Ultimately, the burden is on the party requesting removal to set forth in the notice of removal the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *Laughlin*, 50 F.3d at 873. Once again, there is a presumption against removal jurisdiction, and uncertainties as to jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Punitive damages and attorney's fees may be considered in determining the amount in controversy, *see Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003); costs and interest, however, are excluded,

*see* 28 U.S.C. § 1332(a).

In this case, Plaintiffs bring suit against Defendant under the NMHRA for age discrimination, retaliatory discharge, and wrongful termination and also for breach of contract and breach of implied contract.  (Doc. 1, Ex. 1.)  Plaintiffs' claim that they were discriminated against because of their age and that Defendant's actions against them constituted retaliatory discharge, wrongful termination, and a breach of contract.  (*Id*. at 3.)  According to their Complaint, Plaintiffs seek, in addition to costs and interest, damages for lost wages and benefits, emotional distress, and punitive damages.  (*Id.* at 4.)   They do not, however, allege a specific amount of damages, nor do they provide any details as to their salary, benefits, or the period for which lost wages and benefits are sought.  As a result, the Court must turn to the Notice of Removal.

In the notice, Defendant likewise fails to provide detail as to Plaintiffs' alleged damages.  Rather, Defendant merely notes the various categories of damages demanded by Plaintiffs in their complaint, (Doc. 1, at 2), providing no factual predicate for its assertion that the amount in controversy exceeds $75,000.  For example, Defendant provides no information regarding Plaintiffs' salaries or benefits or any efforts made to mitigate such damages.  Indeed, Defendant fails to provide even a single figure upon which the Court may evaluate the amount in controversy.

Although the Court must consider a potential punitive damages award in evaluating the amount in controversy, Defendant has failed to provide the Court with any underlying facts to evaluate such an award.  Absent facts suggesting the amount of a potential compensatory damages award, the Court will not presume that any additional punitive damages award might cause the value of the controversy to exceed the jurisdictional amount.  *See Beaumont v. Fortis*

*Benefits Ins. Co.*, 2008 WL 906186, *5 (N.D. Okla. Mar. 29, 2008) (unpublished opinion) ("The mere possibility that punitive damages could exceed the jurisdictional amount is not enough to meet the burden of establishing federal court jurisdiction.")

In sum, based on the record before it, the Court is unable to conclude that Plaintiffs' employment-related injuries give rise to a claim of at least $75,000.  *See Galvan v. Walgreen Co.,* 09cv-791 (D.N.M. Sept. 29, 2009) (holding that the defendant failed to establish the amount in controversy in an employment discrimination cases, where neither the defendant nor the complaint provided any detail as to the plaintiff's salary and benefits); *Juneau v. Intel Corp.*, 02-cv310 LH (D.N.M. Nov. 5, 2002) (holding that the defendant failed to establish the amount in controversy, where plaintiff earned approximately $60,000 in wages and $17,000 in benefits at the time of termination but plaintiff's wage information included significant over-time income and defendant provided no underlying facts to establish what the loss of income would be). Defendant's removal appears to be based on speculation as to the amount of damages, rather than underlying facts of the minimum jurisdictional amount proven by a preponderance of the evidence.  Given that uncertainties as to jurisdiction are resolved in favor of remand, the Court determines that this case should be remanded for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Third Judicial District Court for the State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE